UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In Re: GenesisIntermedia, Inc.   Civ. No. 03-3471 (RHK/AJB)
Securities Litigation,   **ORDER**

---

Before the Court is the Settling Defendants'[1] Motion for Preliminary Approval of Partial Settlement.  In late 2002, Lead Plaintiffs and the Settling Defendants entered into a Stipulation of Partial Settlement ( the "Stipulation") which provided in part that the Settling Defendants would pay the class plaintiffs $3.1 million.  On November 25, 2002, the Stipulation was filed with the California Court.[2]  On January 27 and 28, 2003, a status conference was held and the parties sought preliminary approval of the Stipulation.  The Court determined that it was "not going to approve the settlement."  (Klass Aff. Ex. D at 14.)  The instant action was then transferred to this Court to allow for the consolidation of related cases for discovery purposes.

On August 26, 2005, the Settling Defendants submitted the Stipulation to this Court for preliminary approval.  Lead Plaintiffs objected to the preliminary approval of the Stipulation, raising three arguments: (1) the settlement provided for in the Stipulation is unfair, unreasonable and inadequate because it could reduce the overall amount recoverable

---

[1] The "Settling Defendants" are GenesisIntermedia, Inc. ("Genesis"), Ramy E–Batrawi, and Douglas E. Jacobson.

[2] This action was originally filed in the United States District Court for the Central District of California.

from the Nonsettling Defendants[3] (Mem. in Opp'n at 7-12); (2) a condition of the Stipulation failed when the California Court denied preliminary approval of the partial settlement in January 2003 (id. at 12-14); and (3) the Settling Defendants had unduly delayed in submitting the Stipulation to the Court for preliminary approval (id. at 14-16).

The Nonsettling Defendants "do not take any position with respect to whether or not the proposed partial settlement should be approved." (Nonsettling Defendants' Mem. at 1.) Rather, if the Court were to preliminarily approve the settlement, the Nonsettling Defendants request that certain provisions contained in the Proposed Judgment submitted by the Settling Defendants be modified.[4]

Prior to the filing of the instant Motion, Lead Plaintiffs filed a Motion for Class Certification, which this Court denied in a December 5, 2005 Memorandum Opinion and Order (Doc. No. 418). A corresponding Order issued by the Court on the same day (Doc. No. 419) stated:

---

[3]The "Nonsettling Defendants" are Nomura Securities International, Inc., Nomura Canada Inc., Scott Reed, Deutsche Bank AG, Deutsche Bank Securities, Inc. and Deutsche Bank Securities Limited. (Nonsettling Defendants' Mem. at 1.)

[4]Specifically, the Nonsettling Defendants argue that the Proposed Judgment is deficient in four respects: (1) it does not include a judgment reduction provision protecting the Nonsettling Defendants, as required by the Private Securities Litigation Reform Act ("PSLRA"); (2) it does not provide for a mutual contribution bar with respect to the Settling Defendants' contribution rights against the Nonsettling Defendants; (3) it expands the PSLRA "contribution" bar to claims other than those for contribution; and (4) it purports to bind the Nonsettling Defendants with respect to certain procedural matters affecting the resolution of claims against them going forward. (Nonsettling Defendants' Mem. at 2.) The Settling Defendants "do not object to the Court making any of the modifications proposed by the [Nonsettling] defendants." (Reply Mem. at 2-3 n.1.)

2

it seems to the Court that its Order denying Plaintiffs' Motion for Class Certification renders moot the pending Motion by defendant GenesisIntermedia for Preliminary Approval of the Partial Settlement (Doc. No. 354). Should any party wish to comment on this issue, it is instructed to do so in a brief memorandum filed with the Court by December 20, 2005.

The Court has not received comment from any of the parties regarding the effect of the denial of class certification on the instant Motion. The Court's view that the Settling Defendants' Motion for Preliminary Approval of Partial Settlement has been rendered moot by the denial of class certification remains and, accordingly, the Motion will be denied as such.

## Conclusion

**IT IS ORDERED** that the Settling Defendants' Motion for Preliminary Approval of Partial Settlement (Doc. No. 354) is **DENIED AS MOOT**.

Dated: December 29, 2005　　　　　　　　　　　s/Richard H. Kyle
　　　　　　　　　　　　　　　　　　　　　　　RICHARD H. KYLE
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge