UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re GenesisIntermedia, et al., | Civil No. 03-3471 (RHK/AJB) |
| | ORDER |

---

In June 2003, this action was transferred from the United States District Court for the Central District of California (the "California Court") to this Court. The California Court transferred the action, upon motion by Plaintiffs, in large part to allow: 1) discovery to proceed in a coordinated fashion with several related actions that were already pending in this Court; and 2) all legal issues relating to the alleged misconduct of the common defendants to be decided by one court. (See Transfer Order at 9.[1])

On December 5, 2005, this Court issued an order indicating that it was considering a transfer of this action back to the California Court and allowing the parties an opportunity to make known any positions they had regarding such a transfer. (Doc. No. 419.) In its order, the Court noted that among the considerations it viewed as counseling in favor of transfer were the following: 1) discovery in this matter is complete; 2) all but one of the related actions in this Court have been dismissed; 3) Plaintiffs' original choice of venue was California; and 4) Plaintiffs' Motion for Class Certification has been denied and three of the four individual plaintiffs are California residents. (Id.)

In response, the parties submitted comments to the effect that they had no objection

---

[1] The California Court's June 11, 2003 Transfer Order is attached to this Order.

to the proposed transfer.  Plaintiffs stated that "this action should return to the Central District of California," because the discovery proceedings have concluded and the related actions have been resolved, "thereby obviating the primary reason[s] for transfer."  (Doc. No. 420.)  Similarly, the Defendants stated that they "would not object to or oppose transfer of the action back to California."  (Doc. No. 421.)

Prior to the submission of these responses, however, Plaintiffs had filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f), in the United States Court of Appeals for the Eighth Circuit, seeking leave to appeal this Court's order denying Plaintiffs' Motion for Class Certification.  (See Doc. No. 423.)  Because of the pending Petition in the Eighth Circuit, both parties indicated that a transfer back to the California Court should not occur until after "all questions relating to class certification, including any appeals, are finally resolved."  (Doc. No. 421 at 2; see also Doc. No. 420 at 1, n.1.)  On January 30, 2006, the Eighth Circuit denied Plaintiffs' Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f), (Case No. 05-8026, Judgment), thereby extinguishing the parties' concerns regarding the pending petition.

In addition, the California Court stated in its Transfer Order that "[i]f the Minnesota district court finds that it is not in a better position to adjudicate this action, or that there are other reasons that this case should be litigated in the Central District of California, this Court will accept transfer of the lawsuit back to this Court."  (Transfer Order at 10.)  The undersigned has concluded that the Court is no longer in a better position to adjudicate this action and, for the reasons set forth above, is of the view that the convenience of the parties

and witnesses, and the interest of justice, support transfer back to the Central District of California.  See 28 U.S.C. § 1404(a); see generally I-T-E Circuit Breaker Co. v. Becker, 343 F.2d 361, 363 (8th Cir. 1965) (noting that subsection (a) of 28 U.S.C. § 1404 "is without any limiting language as to the power of the district court to transfer a civil action to another district such as is contained in subsection (b) ('upon motion, consent or stipulation of all parties')").

Based on the foregoing, and upon all the files, records, and proceedings herein, it is **ORDERED** that this action be transferred to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).  The Clerk of the Court is directed to transfer this matter to the United States District Court for the Central District of California.

Dated: February  3 , 2006                                    s/Richard H. Kyle
                                                             RICHARD H. KYLE
                                                             United States District Judge